1  NICOLA T. HANNA
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   KEVIN REIDY (Cal. Bar No. 320583)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-8536
7       Facsimile: (213) 894-0141
        E-mail:    kevin.reidy@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. CR 18-00506-SJO-2

13              Plaintiff,             PLEA AGREEMENT FOR DEFENDANT
                                       CINDY ELIZABETH READMAN
14              v.

15  CINDY ELIZABETH READMAN,

16              Defendant.

17

18       1.   This constitutes the plea agreement between Cindy Elizabeth

19  Readman ("defendant") and the United States Attorney's Office for the

20  Central District of California ("the USAO") in the above-captioned

21  case.   This agreement is limited to the USAO and cannot bind any

22  other federal, state, local, or foreign prosecuting, enforcement,

23  administrative, or regulatory authorities.

24                       DEFENDANT'S OBLIGATIONS

25       2.   Defendant agrees to:

26       a.   At the earliest opportunity requested by the USAO and

27  provided by the Court, appear and plead guilty to the one-count

28  indictment in United States v. Davenport & Readman, CR No. 18-00506-



SJO, which charges defendant with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

3.   Defendant further agrees to cooperate fully with the USAO, Homeland Security Investigations, and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

a.   Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

2

      b.   Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

      c.   Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4.   For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement; and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

<u>THE USAO'S OBLIGATIONS</u>

5.   The USAO agrees to:

      a.   Not contest facts agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained in this agreement.

      c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

6.   The USAO further agrees:

      a.   Not to offer as evidence in its case-in-chief in the above-captioned case or any other criminal prosecution that may be brought against defendant by the USAO, or in connection with any

3

sentencing proceeding in any criminal case that may be brought against defendant by the USAO, any Cooperation Information. Defendant agrees, however, that the USAO may use both Cooperation Information and Plea Information: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of defendant; (2) to cross-examine defendant should defendant testify, or to rebut any evidence offered, or argument or representation made, by defendant, defendant's counsel, or a witness called by defendant in any trial, sentencing hearing, or other court proceeding; and (3) in any criminal prosecution of defendant for false statement, obstruction of justice, or perjury.

     b.   Not to use Cooperation Information against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, or the sentence to be imposed, and to recommend to the Court that Cooperation Information not be used in determining the applicable guideline range or the sentence to be imposed. Defendant understands, however, that Cooperation Information will be disclosed to the probation office and the Court, and that the Court may use Cooperation Information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

     c.   In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

     d.   If the USAO determines, in its exclusive judgment, that defendant has both complied with defendant's obligations under paragraphs 2 and 3 above and provided substantial assistance to law enforcement in the prosecution or investigation of another

4

("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline range below that otherwise dictated by the sentencing guidelines, and to recommend a term of imprisonment within this reduced range.  In addition, if the USAO determines, in its exclusive judgment, that defendant has both complied with defendant's obligations under paragraphs 2 and 3 above and provided substantial assistance meriting a term of imprisonment below the mandatory minimum dictated by statute, the USAO will move the Court pursuant to 18 U.S.C. § 3553(e) to impose a term of imprisonment below that mandatory minimum.  In the event that the Court grants the government's motions pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), defendant understands that the departure calculated by the Court establishes the new mandatory minimum sentence for defendant.  Defendant further understands that the Court may increase defendant's sentence on the basis of the 18 U.S.C. § 3553(a) factors, but may not further reduce defendant's sentence based on those factors.

<u>DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION</u>

7.   Defendant understands the following:

a.   Any knowingly false or misleading statement by defendant will subject defendant to prosecution for false statement, obstruction of justice, and perjury and will constitute a breach by defendant of this agreement.

b.   Nothing in this agreement requires the USAO or any other prosecuting, enforcement, administrative, or regulatory authority to accept any cooperation or assistance that defendant may offer, or to use it in any particular way.

c.    Defendant cannot withdraw defendant's guilty plea if the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a reduced guideline range or 18 U.S.C. § 3553(e) for a reduction below the mandatory minimum term of imprisonment or if the USAO makes such a motion and the Court does not grant it or if the Court grants such a USAO motion but elects to sentence above the reduced range or at or above the mandatory minimum term of imprisonment.

d.    At this time the USAO makes no agreement or representation as to whether any cooperation that defendant has provided or intends to provide constitutes or will constitute substantial assistance.  The decision whether defendant has provided substantial assistance will rest solely within the exclusive judgment of the USAO.

e.    The USAO's determination whether defendant has provided substantial assistance will not depend in any way on whether the government prevails at any trial or court hearing in which defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.

<u>NATURE OF THE OFFENSE</u>

8.    Defendant understands that for defendant to be guilty of the crime charged in count one, that is, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) defendant knowingly possessed methamphetamine; and (2) the defendant possessed it with the intent to distribute it to another person.

9.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth

below, the government must prove beyond a reasonable doubt that
defendant possessed at least 500 grams or more of a mixture or
substance containing a detectable amount of methamphetamine.
Defendant admits that defendant, in fact, possessed at least 500
grams of a mixture or substance containing a detectable amount of
methamphetamine, as described in count one of the indictment.

PENALTIES

10.  Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 21, United States
Code, Sections 841(a)(1), (b)(1)(A)(viii) is: life imprisonment; a
lifetime period of supervised release; a fine of $250,000 or twice
the gross gain or gross loss resulting from the offense, whichever is
greatest; and a mandatory special assessment of $100.

11.  Defendant understands that, absent a determination by the
Court that defendant's case satisfies the criteria set forth in 18
U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory
minimum sentence that the Court must impose for a violation of Title
21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii) is: 10
years' imprisonment, followed by a 5-year period of supervised
release, and a mandatory special assessment of $100.

12.  Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be subject
to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised
release imposed, defendant may be returned to prison for all or part
of the term of supervised release authorized by statute for the
offense that resulted in the term of supervised release.

13.    Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

14.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

15.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration

consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

16.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 18 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about July 28, 2018, in Los Angeles County, within the Central District of California, defendant, with co-defendant Ashley Marie Davenport, knowingly possessed approximately 13.8 kilograms of methamphetamine in four suitcases with the intent to distribute the methamphetamine to another person.  Defendant and co-defendant Davenport knew that the four suitcases contained some kind of a federally controlled substance and defendant and co-defendant Davenport intended to distribute the substance to another person.

SENTENCING FACTORS

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

18.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:          38     [U.S.S.G. §§ 2D1.1(a)(5);

(c)(1)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above. Defendant and the USAO understand that defendant's base offense level could be decreased if defendant is a minor participant under U.S.S.G. § 3B1.2(b).  If defendant's base offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

19.   Defendant and the USAO agree that:

a.   Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

b.   The offense did not result in death or serious bodily injury to any person; and

c.    Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.

20.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

21.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

22.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel – and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

23.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

24.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 78 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or

supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

25. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 63 months, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

26. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible.

13

### EFFECTIVE DATE OF AGREEMENT

27.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

28.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### BREACH OF AGREEMENT

29.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this agreement.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

a.   If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

b.    The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; and (ii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

c.    The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

d.    In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any Cooperation Information or any Plea Information should be suppressed or is inadmissible.

1
<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

2       30.   Defendant understands that the Court and the United States
3  Probation Office are not parties to this agreement and need not
4  accept any of the USAO's sentencing recommendations or the parties'
5  agreements to facts or sentencing factors.

6       31.   Defendant understands that both defendant and the USAO are
7  free to: (a) supplement the facts by supplying relevant information
8  to the United States Probation Office and the Court, (b) correct any
9  and all factual misstatements relating to the Court's Sentencing
10 Guidelines calculations and determination of sentence, and (c) argue
11 on appeal and collateral review that the Court's Sentencing
12 Guidelines calculations and the sentence it chooses to impose are not
13 error, although each party agrees to maintain its view that the
14 calculations in paragraph 18 are consistent with the facts of this
15 case.  While this paragraph permits both the USAO and defendant to
16 submit full and complete factual information to the United States
17 Probation Office and the Court, even if that factual information may
18 be viewed as inconsistent with the facts agreed to in this agreement,
19 this paragraph does not affect defendant's and the USAO's obligations
20 not to contest the facts agreed to in this agreement.

21      32.   Defendant understands that even if the Court ignores any
22 sentencing recommendation, finds facts or reaches conclusions
23 different from those agreed to, and/or imposes any sentence up to the
24 maximum established by statute, defendant cannot, for that reason,
25 withdraw defendant's guilty plea, and defendant will remain bound to
26 fulfill all defendant's obligations under this agreement.  Defendant
27 understands that no one -- not the prosecutor, defendant's attorney,
28 or the Court -- can make a binding prediction or promise regarding

the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

33.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

\\

\\

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney.

_____        10/18/19
KEVIN REIDY                             _____
Assistant United States Attorney        Date

_____        Oct 12/18
CINDY ELIZABETH READMAN                 _____
Defendant                               Date

_____        10/12/18
HUMBERTO DIAZ                           _____
Attorney for Defendant                  Date
CINDY ELIZABETH READMAN

18

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     Oct 12/18
CINDY ELIZABETH READMAN              Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Cindy Elizabeth Readman's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

HUMBERTO DIAZ
Attorney for Defendant
CINDY ELIZABETH READMAN

Date 10/12/18

20